UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE STINSON,

    Plaintiff,

v.                                                  Case No: 8:21-cv-2252-CEH-JSS

HIGHWOODS PROPERTY, INC.,
DANIEL E. WOODWARD, LISA
COX, HRLP ST. TAMPA, LLC,
MACHELLE CHERRY, JAMES
BECK, SUNTRUST BANKS, INC.,
AMBER KNIGHT, CHRISTOPHER
DELEARD, JOHNNY SMART and
JOHN DOE,

    Defendants.
_____/

**<u>ORDER</u>**

    THIS MATTER is before the Court on Plaintiff's Motion for Extension of Time ("Motion"). (Dkt. 6.) In the Motion, Plaintiff seeks an additional sixty (60) days to effectuate service on four of the defendants, a stay of discovery, and a stay of Defendant SunTrust Banks, Inc.'s Motion to Dismiss Count 2 of Plaintiff's Complaint. Defendant SunTrust Banks, Inc., now known as Truist Bank ("Truist"), does not oppose the relief requested.

    Pursuant to Federal Rule of Civil Procedure 4(m), the Court "must extend the time for service for an appropriate period" if the plaintiff shows good cause for failure to timely serve a defendant. Here, Plaintiff alleges that good cause exists because

Plaintiff's counsel was hospitalized with COVID-19 for over five months.  This is sufficient good cause to extend the time to effectuate service.  Plaintiff's Motion is granted in this regard.

Plaintiff also seeks a stay of discovery, pending resolution of Plaintiff's Motion for Remand and the Order to Show Cause issued by the Court on October 26, 2021. (Dkts. 4, 5.)  Defendant Truist removed this case on September 23, 2021. (Dkts. 1, 7.) No answer has been filed.  Pursuant to Federal Rule of Civil Procedure 26 and Middle District of Florida Local Rule 3.02, the parties are required to meet and confer and conduct a case management conference.  The parties are further required file a case management report within forty days after the docketing of the action removed to this Court. (M.D. Fla. Local R. 3.02(b)(2)).

Courts enjoy broad discretion in deciding how to regulate discovery and manage the cases before them.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In its discretion, the Court finds that a brief extension of time to initiate discovery is warranted.  The parties are granted an additional sixty (60) days to meet and confer as required by Federal Rule of Civil Procedure 26(f) and to file their case management report.

Finally, to the extent Plaintiff asks the Court to "stay" Defendant Truist's Motion to Dismiss Count 2 of Plaintiff's Complaint pending the Court's ruling on Plaintiff's Motion to Remand, the Motion is denied.  However, Plaintiff is granted an additional fourteen (14) days to respond to Defendant Truist's Motion to Dismiss.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Extension of Time (Dkt. 6) is **GRANTED** in part and **DENIED** in part.

2. Plaintiff is granted an additional sixty (60) days to effectuate service on defendants.

3. The parties are granted an additional sixty (60) days to meet and confer as required by Federal Rule of Civil Procedure 26(f) and to file their case management report.

4. Plaintiff is granted an additional fourteen (14) days to respond to Defendant Truist's Motion to Dismiss Count 2 of Plaintiff's Complaint (Dkt. 3).

**DONE** and **ORDERED** in Tampa, Florida, on October 28, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record