UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE STINSON,

    Plaintiff,

v.                                            Case No: 8:21-cv-2252-CEH-JSS

HIGHWOODS PROPERTY, INC.,
DANIEL E. WOODWARD, LISA
COX, HRLP ST. TAMPA, LLC,
MACHELLE CHERRY, JAMES
BECK, SUNTRUST BANKS, INC.,
AMBER KNIGHT, CHRISTOPHER
DELEARD, JOHNNY SMART and
JOHN DOE,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on Plaintiff Janice Stinson's Motion to Remand (Doc. 4), filed on October 25, 2021. In the motion, Plaintiff seeks an order remanding this case to state court for lack of subject matter jurisdiction because diversity of citizenship does not exist and Defendant Suntrust n/k/a Truist Bank, Inc. ("Defendant" or "Truist") has failed to establish that the amount in controversy has been satisfied. Truist has not responded to the motion, and the time to do so has expired. *See* M.D. Fla. Local Rule 3.01(c). The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand. Also pending is Plaintiff's motion for hearing (Doc. 10), which will be denied as moot.

## DISCUSSION

On June 19, 2020, Plaintiff commenced this action against Truist and others in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Doc. 7-1. The case arises out of a trip and fall accident that occurred at Defendant Truist's banking and business facilities located at 401 East Jackson Street, Tampa, Florida on June 21, 2016. *Id*. The Complaint alleges that Plaintiff, who was a business invitee of Suntrust Bank, "upon leaving Suntrust Bank through an exit door leading to the Suntrust Centre parking garage, … fell off a poorly marked and unprotected drop-off causing her to pitch forward into a wall and onto the parking surface where she was found later unconscious and injured." *Id.* ¶ 10. The Complaint further alleges that Defendant Truist, through its employees Defendants Amber Knight, Christopher Deleard, Johnny Smart, and John Doe, owed a duty of care to Plaintiff to provide a reasonably safe means for people, like Plaintiff, to safely exit the building to their parking area and that Defendants were careless and negligent in the maintenance, ownership, operation, use or control of the premises, resulting in injury to the Plaintiff. *Id.* ¶¶ 19, 20.

Defendant Truist filed a Notice of Removal on September 23, 2021. Due to the Notice being improperly filed, it was terminated. Defendant re-filed the Notice of Removal on October 27, 2021. Doc. 7. The Notice alleges that jurisdiction is proper under 28 U.S.C. § 1332. *Id.* ¶ 1. Regarding the amount in controversy, Truist states "based on pre-suit communications with counsel for Plaintiff, Plaintiff alleges damages which exceed the sum of $75,000.00." *Id.* ¶ 4. Regarding diversity of citizenship, Truist

states Plaintiff is a resident of the State of Florida and Truist Bank is a foreign corporate entity. *Id.* ¶ 3.  The Notice of Removal includes no additional detail regarding the amount in controversy or the citizenship of the parties. In her motion for remand, Plaintiff argues that Defendant has failed to establish that diversity of citizenship exists or that the amount in controversy has been satisfied. Plaintiff requests an order remanding the case to state court and an award of fees for the improvident removal. Truist has not responded to the motion, and thus the motion is deemed unopposed. *See* M.D. Fla. Local Rule 3.01(c).

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). For diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought

in a State court of which the district courts of the United States have original jurisdiction …." "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).

"The sufficiency of the amount in controversy is determined at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

Defendant Truist has failed to carry its burden to establish that the amount in controversy is satisfied to invoke this Court's subject matter jurisdiction. Defendant makes a vague reference to "pre-suit communications" with Plaintiff's counsel but otherwise fails to prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000. In contrast, the motion to remand indicates that Plaintiff's medical bills total $16,301.62. Doc. 4 at 6. It is a removing defendant's responsibility to present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction."

*Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). Defendant has failed to do so here.

Similarly, Defendant Truist has failed to show that diversity of citizenship exists. The Notice of Removal refers to Plaintiff's Florida residency[1] and identifies Truist as a "foreign corporate entity." Otherwise, the notice is silent as to the citizenship of any of the parties. On the other hand, the motion to remand states Plaintiff is a citizen of Florida and that the individual Defendants Woodward, Knight, Deleard and Doe[2] are citizens of Florida. Defendant fails to establish that the citizenship of all the Defendants is diverse from the Florida citizenship of Plaintiff. *See Owen Equip. & Erection Co.*, 437 U.S. at 377. Thus, the motion to remand is due to be granted as Defendant fails to establish that this Court has subject matter jurisdiction over this action.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 4) is **GRANTED in part** to the extent that the case will be remanded. Plaintiff's request for attorney's fees is

---

[1] The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

[2] Plaintiff may not rely upon the citizenship of a fictitious party to defeat diversity. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). However, here Plaintiff has identified branch manager John Doe to be David Dailey, whom Plaintiff alleges is a Florida citizen. Moreover, Plaintiff asserts the other individual Defendants are Florida citizens as well, and therefore the parties are not diverse.

**DENIED**, as Plaintiff has failed to establish that Defendant Truist lacked an objectively reasonable basis for seeking removal.

2. This case is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

3. Plaintiff's Motion for Hearing on Motion for Remand (Doc. 10) is **DENIED as moot**.

4. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

5. The Clerk is further directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any